5/22/2026 12:09 PM
26CV25856

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MARGARET SUNDERLAND, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>SAFEWAY INC., dba SAFEWAY #0536, a foreign corporation,<br>ALBERTSON'S LLC, dba SAFEWAY #0536, a foreign corporation,<br><br>                Defendants. | Case No.<br><br>**COMPLAINT**<br><br>Prayer:  $1,565,087.76<br><br><br>Not Subject to Mandatory Arbitration<br>Pursuant to ORS 36.400 to 36.425 *et seq.*<br><br>  Fee Authority: ORS 21.160(1)(d)<br><br>  Request for Jury Trial |

FOR PLAINTIFF'S CLAIM FOR RELIEF HEREIN, Plaintiff alleges as follows:

1.

The amount in controversy does exceed the sum of $50,000; and, therefore, the present action is not subject to mandatory arbitration.

2.

Plaintiff Margaret Sunderland, (hereinafter referred to as "Plaintiff"), an individual, is a resident of Multnomah County, Oregon.

3.

Defendant Safeway Inc. was, at all times material, a duly organized Delaware corporation, authorized to do business and doing business in the state of Oregon as a retail grocery business, located at 25691 SE Stark Street, in the city of Troutdale, county of Multnomah, state of Oregon.

Page  1 – COMPLAINT

4.

Defendant Albertson's LLC was, at all times material, a duly organized Delaware corporation, authorized to do business and doing business in the state of Oregon as a retail grocery business, located at 25691 SE Stark Street, in the city of Troutdale, county of Multnomah, state of Oregon.

5.

All of the acts and omissions alleged herein occurred in Multnomah County, Oregon. Venue is proper in this Court pursuant to ORS 14.080.

6.

On information and belief, Safeway, Inc., at all times material, operated the retail grocery store ("the store") located at 25691 SE Stark Street, city of Troutdale, county of Multnomah, state of Oregon.

7.

On information and belief, Albertson's LLC, at all times material, owned and operated the retail grocery store ("the store") located at 25691 SE Stark Street, city of Troutdale, county of Multnomah, state of Oregon.

8.

At all times material, the store was open to the public for the purpose of conducting retail grocery sales, and Defendant invited members of the public, including Plaintiff, to enter the store as business invitees.

9.

On or about July 22, 2024, Plaintiff was a customer on the premises of the store, shopping for groceries.

10.

While shopping, Plaintiff entered the floral section of the store, where fresh flowers were being delivered and stocked by a Safeway or Albertson's employee.

Page  2 – COMPLAINT

11.

While Plaintiff was in the floral section, she requested flowers and then proceeded to continue shopping in the store.

12.

Plaintiff finished collecting her groceries and was heading to the self-checkout area when she noticed her bouquet was ready, so she went over to the floral section again and was given a price sticker to pay for those flowers.  She proceeded to the self-checkout area to pay for her purchases.

13.

At this time, there were no boxes obstructing the floor of the area of the floral section.

14.

After payment, Plaintiff returned to the floral section to receive the paid-for merchandise.

15.

Defendant, by and through its employees and/or agents, had placed two stacked cardboard boxes on the floor in the floral section of the store.

16.

The boxes were placed in an area of the store where customers, including Plaintiff, walked while shopping and where customers would not reasonably expect to encounter such an obstruction on the floor.

17.

The boxes were not cordoned off, and no warning signs, cones, or other warnings were present to alert customers to the hazard.

18.

After receiving the price sticker, Plaintiff turned back toward the self-checkout line to complete her purchase.

//

Page  3 – COMPLAINT

19.

As Plaintiff turned around, she stepped on the stacked cardboard boxes that had been placed on the floor by Defendant. The boxes shifted and slipped beneath her, causing Plaintiff to fall to the floor. Most of the energy of Plaintiff's fall was directed onto her extended right arm.

20.

Defendant knew, or in the exercise of reasonable care should have known, that placing stacked cardboard boxes on the floor in a customer aisle of the floral section created a dangerous condition and an unreasonable risk of harm to its customers, including Plaintiff. Defendant created the dangerous condition through its own employees and/or agents.

21.

As a result of Defendant's conduct, Plaintiff sustained the following injuries:

    a) Displaced oblique fracture of the mid-shaft of her right humerus, requiring open reduction and internal fixation surgery, the implantation of a plate, twelve screws, and bone nails, which remain in her arm and constitute a permanent injury.

22.

Plaintiff has suffered, and will continue to suffer, physical pain, mental anguish, loss of physical function, permanent physical impairment, loss of enjoyment of life, and the inconvenience of disability. All of these injuries caused Plaintiff's non-economic damage in an amount which a jury determines to be reasonable, but not to exceed the sum of $1,500,000.00.

23.

Plaintiff has accumulated medical bills in the amount of $60,087.76.

24.

Plaintiff incurred out-of-pocket expenses for in-home care, household services, and assistance with activities of daily living during her recovery, in an amount to be determined by a jury, but not to exceed $5,000.00.

Page 4 – COMPLAINT

**FIRST CLAIM FOR RELIEF – PREMISES LIABILITY**

25.

Plaintiff incorporates by reference and realleges paragraphs 1 through 24 above.

26.

Defendant failed to make their premises reasonably safe for Plaintiff by:

- Failing to maintain the premises in a safe manner, thereby creating an unreasonable risk of harm to Plaintiff;

- Failing to exercise reasonable care to inspect the premises and to discover, remove, or otherwise remediate dangerous conditions of which Defendant knew or, in the exercise of reasonable care, should have known;

- Failing to warn Plaintiff of the dangerous condition created by stacked cardboard boxes placed on the floor in the floral section, thereby creating an unreasonable risk of harm to Plaintiff;

- Creating a dangerous condition on the premises by placing stacked cardboard boxes on the floor in a customer aisle, in an area where customers would not reasonably expect to encounter such a hazard.


27.

As a result of Defendant's actions and inactions, Plaintiff was caused physical pain, mental anguish, and suffering. Plaintiff has been left with permanent physical impairment and disability, including reduced shoulder mobility and limitations on lifting and use of her dominant arm. All of these injuries caused Plaintiff's non-economic damage in an amount which a jury determines to be reasonable, but not to exceed the sum of $1,500,000.00.

28.

As a further result of Defendant's actions and inactions, Plaintiff incurred medical bills in the amount of $60,087.76.

Page  5 – COMPLAINT

29.

As a further direct and proximate result of Defendant's conduct, Plaintiff incurred out-of-pocket expenses for in-home care, household services, and assistance with activities of daily living during her recovery, in an amount to be determined by a jury, but not to exceed $5,000.00.

**SECOND CLAIM FOR RELIEF – NEGLIGENCE**

30.

Plaintiff incorporates by reference and realleges paragraphs 1 through 29 above.

31.

Defendant was negligent in one or more of the following particulars:

a.  In failing to maintain its premises in a reasonably safe condition for its customers and other invitees;

b.  In failing to provide safe and unobstructed customer aisles within the store;

c.  In placing, or allowing its employees or agents to place, stacked cardboard boxes on the floor in a customer aisle, and in failing to timely remove or remediate that hazard;

d.  In failing to warn Plaintiff and other customers of the dangerous condition created by the stacked cardboard boxes on the floor;

e.  In failing to exercise the degree of care owed to Plaintiff and others.

32.

As a result of Defendant's actions and inactions, Plaintiff was caused physical pain, mental anguish, and suffering. Plaintiff has been left with permanent physical impairment and disability, including reduced shoulder mobility and limitations on lifting and use of her dominant arm. All of these injuries caused Plaintiff's non-economic damage in an amount which a jury determines to be reasonable, but not to exceed the sum of $1,500,000.00.

Page  6 – COMPLAINT

33.

As a further result of Defendant's actions and inactions, Plaintiff incurred medical bills in the amount of $60,087.76.

34.

As a further direct and proximate result of Defendant's conduct, Plaintiff incurred out-of-pocket expenses for in-home care, household services, and assistance with activities of daily living during her recovery, in an amount to be determined by a jury, but not to exceed $5,000.00.

**PRAYER**

WHEREFORE, Plaintiff prays for Judgment in her favor and against Defendant as follows:

a)    For economic damages in an amount to be determined by a jury, but not to exceed $65,087.76;

a)    For non-economic damages in a sum which a jury determines to be reasonable, but not to exceed the sum of $1,500,000.00;

b)    For Plaintiff's costs and disbursements incurred herein; and,

c)    Any further relief the Court deems just and equitable.


DATED this 22nd day of May, 2026.


*Neal Weingart*
Neal Weingart – Attorney at Law, LLC
820 SW 2nd Ave. Suite 200
Portland, OR 97204
Phone: 503-379-9933
neal@nealweingartlaw.com
Attorney for Plaintiff

Page  7 – COMPLAINT